# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANA M. LONG, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-08-127-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Deana M. Long requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled and that she could perform her past relevant work. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on September 10, 1959, and was forty-seven years old at the time of the administrative hearing. She has a high school education, and previously worked as a cashier, manager and clerk at a loan company, as a secretary, and as a substitute teacher. The claimant alleges that she has been unable to work since April 9, 2002, because of chronic obstructive pulmonary disease and affective mood disorders.

### Procedural History

On October 4, 2004, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Eleanor T. Moser conducted a hearing and determined that the claimant was not disabled in a decision dated September 27, 2006. The Appeals Council remanded this decision. The ALJ conducted a supplemental hearing and again determined that the claimant was not disabled in a decision dated October 15, 2007. This time the Appeals Council denied review, so the ALJ's latter decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981.

### Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform a modified range of light work, *i. e.*, that she was limited to two hours of walking in an eight-hour

workday with reasonable rest, and that she needed a low stress job (Tr. 19). The ALJ concluded that the claimant could return to her past relevant work as a loan application clerk and as a secretary (Tr. 22).

### Review

The claimant contends that the ALJ erred at step four of the sequential analysis by failing to make specific findings about the demands of her past relevant work and by relying improperly on the testimony of a vocational expert ("VE") to determine that she could return to such work. The Court agrees.

Step four of the sequential analysis is comprised of three distinct phases. The ALJ must first establish the claimant's RFC, then determine the demands of the claimant's past work (both physical and mental), and ultimately conclude whether the claimant's RFC enables her to meet those demands. *See, e. g., Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996). At each phase, the ALJ must make specific factual findings, *id.* at 1023, and although the ALJ may rely on information provided by a VE, "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Id.* at 1025.

There is no dispute here about the first phase of the ALJ's step four analysis, *i. e.*, the claimant does not contend that the ALJ failed to properly determine her RFC. The claimant *does* contend, however, that the ALJ failed to properly determine the demands of her past relevant work in the second phase of step four and to properly determine that she could meet those demands in the third phase of step four. On both points, the ALJ could consider "the claimant's ability to perform *either* . . . [t]he functional demands and

job duties of a particular past relevant job; or . . . [t]he functional demands and job duties . . . as generally required by employers throughout the national economy." *Andrade v. Secretary of Health & Human Services,* 985 F.2d 1045, 1050 (10th Cir. 1993) [emphasis added], *quoting* Soc. Sec. Rul. 82-61, 1982 WL 31387, at *1.

At the administrative hearing, the ALJ questioned the VE about the exertional and skill levels of the claimant's past relevant work and recited the VE's findings in the written decision. Thus, the ALJ *did* make adequate findings about the general physical demands of the claimant's past relevant work. *See, e. g., Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) ("The ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis. There was nothing improper about this. An 'ALJ may rely on information supplied by the VE at step four.'"), *quoting Winfrey,* 92 F.3d at 1025. The ALJ did not, however, question either the claimant or the VE about whether any of the claimant's past relevant work required more than two hours walking with reasonable rest (a reference to a *specific* physical demand) or amounted to low stress jobs (a reference to a specific *mental* demand). *See, e. g., Winfrey,* 92 F.3d at 1024 ("When the claimant has a mental impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e. g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work."). Nor did the ALJ make any specific findings on these points, either by quoting the VE or otherwise.

In response to hypothetical questions incorporating *all* the claimant's limitations, the VE opined that someone with the claimant's RFC could perform her past relevant work as a loan application clerk and as a secretary. The VE thus made implicit findings about the above-mentioned *specific* demands of the claimant's past relevant work and her ability to meet them given her RFC. The ALJ presumably adopted these implicit findings in determining that the claimant could return to some of her past relevant work, but she neither made any written findings of her own nor adopted any explicit findings by the VE about those specific limitations. *See Frantz v. Astrue,* 509 F.3d 1299, 1304 (10th Cir. 2007) ("The ALJ's conclusory statement that '[t]he exertional and non-exertional requirements of this job [as a general clerk] are consistent with the claimant's residual functional capacity' is insufficient under *Winfrey* to discharge his duty to make findings regarding the mental demands of Ms. Frantz's past relevant work. This case is unlike *Doyal v. Barnhart,* 331 F.3d 758, 761 (10th Cir. 2003), where the ALJ quoted the VE's testimony approvingly in support of his own findings at steps two and three of the analysis. Here, there was no VE testimony, and no evidence of any kind, to establish the mental demands of Mr. Frantz's past relevant work and thus no evidence to support a finding that Ms. Frantz retains the mental RFC to work as a general clerk."). Such a process is wholly inadequate at step four of the sequential analysis, as the *Winfrey* court explained in detail:

> At step five of the sequential analysis, an ALJ may relate the claimant's impairments to a VE and then ask the VE whether, in his opinion, there are any jobs in the national economy that the claimant can perform. This approach, which requires the VE to make his own evaluation of the mental and physical demands of various jobs and of the claimant's

> ability to meet those demands despite the enumerated limitations, is acceptable at step five because the scope of potential jobs is so broad.
>
> At step four, however, the scope of jobs is limited to those that qualify as the claimant's past relevant work. Therefore, it is feasible at this step for the ALJ to make specific findings about the mental and physical demands of the jobs at issue and to evaluate the claimant's ability to meet those demands. Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review.

92 F.3d at 1025. The ALJ thus erred not only in failing to make appropriate findings in the second phase of step four, but also in ceding her decision-making authority to the VE in the third phase of step four. *See id.* at 1026 ("In the second phase, the ALJ failed to develop the record on, and to make the required findings about, the mental demands of plaintiff's past relevant work. This failure infected the third phase, where the ALJ abdicated his fact finding and evaluation responsibilities to the VE.").

The ALJ failed to conduct a proper step four analysis of the claimant's ability to perform her past relevant work, and the decision of the Commissioner must therefore be reversed. On remand, the ALJ should make phase two findings about the above-mentioned specific demands of the claimant's past relevant work and determine at phase three whether she can perform any of that work with her RFC. If the ALJ determines at step four that the claimant cannot perform her past work, she should then determine at

step five what work the claimant can perform, if any, and ultimately whether she is disabled.[2]

### Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 14th day of September, 2009.

*[signature]*

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The ALJ found that in addition to returning to some of her past relevant work, the claimant would "also be capable of performing unskilled light and sedentary work as performed in the regional and national economies" (Tr. 33). The Court is not certain what the ALJ intended by this but does not interpret it to be an alternative step-five determination of finding of non-disability in any event.